**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
0 Valuation of Security          0 Assumption of Executory Contract or Unexpired Lease          0 Lien Avoidance

**Last revised: December 1, 2017**

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:  Jesus Silva

Case No.:  18-12122
Judge:  JKS

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS - AMENDED

☐ Original          ■ Modified/Notice Required          Date: April 11, 2018
☐ Motions Included  ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES  ■ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES  ■ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES  ■ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  RLL          Initial Debtor:  J S          Initial Co-Debtor  _____

1

## Part 1: Payment and Length of Plan

a. The debtor shall pay  406.33  Monthly  to the Chapter 13 Trustee, starting on  March 1, 2018  for approximately 60 months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ■ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____
  
- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____
  
- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection    X NONE

a. Adequate protection payments will be made in the amount of $_____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $_____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Russell L. Low 4745 | Attorney Fees | 2,500.00 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
  Check one:
  ■ None
  ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

**Part 4: Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| WELLS FARGO HM MORTGAG | 309 Raritan Road Linden, NJ 07036 Union County Co-Owner with Melissa Benlice | 18,000.00 | 2.75 | 19,441.10 | 1,730.00 |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ■ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

c. **Secured claims excluded from 11 U.S.C. 506:** ■ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

d. **Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ■ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                        Best Case Bankruptcy

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### e. Surrender ■ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|

### f. Secured Claims Unaffected by the Plan ☐ NONE

The following secured claims are unaffected by the Plan:

| Creditor |
|---|
| TOYOTA MOTOR CREDIT |

### g. Secured Claims to be Paid in Full Through the Plan ■ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|

## Part 5:  Unsecured Claims    ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:
- ☐ Not less than $_____ to be distributed *pro rata*
- ☐ Not less than _____ percent
- ■ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|

## Part 6:  Executory Contracts and Unexpired Leases    X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|

## Part 7:  Motions    X NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

4

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ■ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ■ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ■ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8:  Other Plan Provisions

a. **Vesting of Property of the Estate**
   ■ Upon Confirmation
   ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims
3) Secured Claims
4) Lease Arrearages
5) Priority Claims
6) General Unsecured Claims

d. **Post-Petition Claims**

The Standing Trustee ☐ is, ■ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

5

## Part 9: Modification  ■ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: February 1, 2018.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Amended plan to add 2017 toyota corolla to the schedules and secure claim through the plan. | Claim from Toyota is secured. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ■ Yes    ☐ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
■ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date  April 11, 2018          /s/ Russell L. Low
                              Russell L. Low 4745
                              **Attorney for the Debtor**

Date: April 11, 2018          /s/ Jesus Silva
                              Jesus Silva
                              **Debtor**

Date: _____
                              **Joint Debtor**

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date  April 11, 2018          /s/ Russell L. Low
                              Russell L. Low 4745
                              **Attorney for the Debtor**

I certify under penalty of perjury that the above is true.

Date: April 11, 2018          /s/ Jesus Silva
                              Jesus Silva
                              **Debtor**

Date: _____
                              **Joint Debtor**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

```
                              United States Bankruptcy Court
                                   District of New Jersey
In re:                                                              Case No. 18-12122-JKS
Jesus Silva                                                         Chapter 13
        Debtor
                                    CERTIFICATE OF NOTICE
District/off: 0312-2          User: admin                  Page 1 of 2                  Date Rcvd: Apr 12, 2018
                              Form ID: pdf901              Total Noticed: 23


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 14, 2018.
db             +Jesus Silva,    309 Raritan Road,    Linden, NJ 07036-4814
cr             +WELLS FARGO BANK, N.A.,    Phelan Hallinan & Schmieg, PC,    400 Fellowship Road,   Suite 100,
                 Mt. Laurel, NJ 08054-3437
517313585     ++CAPITAL ONE,    PO BOX 30285,    SALT LAKE CITY UT 84130-0285
               (address filed with court: CAPITAL ONE,    15000 CAPITAL ONE DR,   RICHMOND, VA 23238)
517313589      +FIRST PREMIER BANK,    601 S MINNESOTA AVE,   SIOUX FALLS, SD 57104-4868
517313591       John A. Youderian, Jr., LLC,    Attorney at Law of NJ,    P.O. Box 1735,
                 Hockessin, DE 19707-5735
517313584      +Melissa Benlice,    309 Raritan Road,    Linden, NJ 07036-4814
517313593      +Phelan Hallinam & Diamond PC,    400 Fellowship Road,    Suite 100,
                 Mount Laurel, NJ 08054-3437
517313595      +Sleep Diagnostics of NJ. Inc.,    2333 Morris Ave.,    Union, NJ 07083-5753
517313597     ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
               (address filed with court: TOYOTA MOTOR CREDIT,    4 GATEHALL DR STE 350,
                 PARSIPPANY, NJ 07054)
517344965      +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
517313599     ++WELLS FARGO BANK NA,    WELLS FARGO HOME MORTGAGE AMERICAS SERVICING,
                 ATTN BANKRUPTCY DEPT MAC X7801-014,    3476 STATEVIEW BLVD,   FORT MILL SC 29715-7203
               (address filed with court: WELLS FARGO HM MORTGAG,    8480 STAGECOACH CIR,
                 FREDERICK, MD 21701)
517356658       Wells Fargo Bank, N.A.,    Wells Fargo Bank, N.A.,    Default Document Processing,   N9286-01Y,
                 1000 Blue Gentian Road,    Eagan MN 55121-7700

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Apr 12 2018 23:40:31     U.S. Attorney,   970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,   Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Apr 12 2018 23:40:28     United States Trustee,
                 Office of the United States Trustee,   1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
517313587      +E-mail/PDF: creditonebknotifications@resurgent.com Apr 12 2018 23:42:16     CREDIT ONE BANK NA,
                 PO BOX 98875,   LAS VEGAS, NV 89193-8875
517313588      +E-mail/Text: bknotice@ercbpo.com Apr 12 2018 23:40:35     ENHANCED RECOVERY CO L,
                 8014 BAYBERRY RD,   JACKSONVILLE, FL 32256-7412
517313590       E-mail/Text: JCAP_BNC_Notices@jcap.com Apr 12 2018 23:40:44     JEFFERSON CAPITAL SYST,
                 16 MCLELAND RD,   SAINT CLOUD, MN 56303
517395913      +E-mail/Text: bankruptcydpt@mcmcg.com Apr 12 2018 23:40:27     Midland Funding LLC,
                 PO Box 2011,   Warren, MI 48090-2011
517313592      +E-mail/PDF: bankruptcy@ncfsi.com Apr 12 2018 23:42:51     NEW CENTURY FINANCIAL,
                 110 S JEFFERSON RD STE 1,   WHIPPANY, NJ 07981-1038
517406525      +E-mail/Text: JCAP_BNC_Notices@jcap.com Apr 12 2018 23:40:44     Premier Bankcard, Llc,
                 Jefferson Capital Systems LLC Assignee,   Po Box 7999,   Saint Cloud Mn 56302-7999
517313594      +E-mail/Text: bankruptcy@senexco.com Apr 12 2018 23:39:50     SENEX SERVICES CORP,
                 333 FOUNDS RD,   INDIANAPOLIS, IN 46268
517313596      +E-mail/PDF: gecsedi@recoverycorp.com Apr 12 2018 23:42:45     SYNCB/ASHLEY HOMESTORE,
                 C/O PO BOX 965036,   ORLANDO, FL 32896-0001
517313598      +E-mail/Text: bnc-bluestem@quantum3group.com Apr 12 2018 23:41:10     WEBBANK/FINGERHUT,
                 6250 RIDGEWOOD RD,   SAINT CLOUD, MN 56303-0820
                                                                                              TOTAL: 11

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517313586*    ++CAPITAL ONE,    PO BOX 30285,    SALT LAKE CITY UT 84130-0285
               (address filed with court: CAPITAL ONE,    15000 CAPITAL ONE DR,   RICHMOND, VA 23238)
                                                                                            TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 14, 2018                              Signature:  /s/Joseph Speetjens

```
District/off: 0312-2          User: admin              Page 2 of 2            Date Rcvd: Apr 12, 2018
                              Form ID: pdf901          Total Noticed: 23
```

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 11, 2018 at the address(es) listed below:
              Denise E. Carlon    on behalf of Creditor    Toyota Motor Credit Corporation
               dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
              Kevin Gordon McDonald    on behalf of Creditor    Toyota Motor Credit Corporation
               kmcdonald@blankrome.com, bkgroup@kmllawgroup.com
              Marie-Ann Greenberg    magecf@magtrustee.com
              Nicholas V. Rogers    on behalf of Creditor    WELLS FARGO BANK, N.A. nj.bkecf@fedphe.com
              Russell L. Low    on behalf of Debtor Jesus  Silva rbear611@aol.com,
               ecf@lowbankruptcy.com;r57808@notify.bestcase.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 6
```